*Maher*
*vs.*
*The State.*

[a] Aik, D. 327.

---

PETER MAHER vs. THE STATE.

*Error from Dallas Circuit Court*—Before the Hon. A. CRENSHAW.

A writ of *venire facias,* by which a grand jury is summoned, is not void for the want of the seal of office of the clerk who issues it.

Peter Maher was indicted in the Circuit Court of Dallas county, for an assault with intent to kill. On the trial of the cause, the defendant, by his counsel, moved the court to quash the indictment, on the ground, that the *venire facias,* on which the jury were summoned, did not issue under the seal of the

34

Mahor
vs.
The State.

'court, but was merely subscribed by the clerk, in his official character.. The court overruled the motion, and the same was excepted to, and now assigned as error.

   GOLDTHWAITE, for Plaintiff,
   Cited 7 *Comyn's Dig.* 120—18 *Johns.* 212—*Aikin's Dig.* 296, 278—6 *Taunt.* 452.

   P. MARTIN, Attorney General.—2 *Stewart*, 318— *Aikin's Dig.* 278.

   By Mr. Justice THORNTON :
   This case, being an indictment for an assault with intent to kill, comes before us upon a reference of the point under the statute, as novel and difficult—Whether the *venire facias*, by virtue of which, the grand jury, who found the bill, were summoned, was void for want of the seal of office of the clerk who issued it? A *venire facias* to summon jurors, as a common law writ, was always either under the seal of the chief justice, or of the justices of the court of oyer and terminer, or at least of the clerk, when issued by him, from an order on the roll.— The mode of proceeding in the steps introductory to the trial of causes, both civil and criminal, has been materially altered, in all the states, from the course of the common law ; and perhaps in nothing more, than in relation to the manner of summoning grand and petit jurors. In New-York, a *venire facias* is directed by statute to be issued, under the seal of the Supreme Court of the state,. as will be seen in the case in 18 *Johns. Rep.* 212. We have a statute regulating the summoning of juries, in which the writ is required to be issued by the respective clerks of the courts, to the sheriff of their counties, in which, no mention is made of the authentication of the writ. It is conceded on all hands, that this, any more than any other process, would not be good at the common law,. unless under seal. And it must also be conceded, that it has been the invariable practice, from the existence of our

government in its territorial form, down to the present day, to issue this, as also other writs, both original and mesne, without any seal being appended to them. A seal is, to be sure, a necessary appendage of every clerk's office of a court of record, in contemplation of law : and our statute, though it makes no provision for the procurement of one, yet suppo-ses its existence, when it allows " for every necessary certifi-cate, to which the seal of office is required, and for affixing said seal,"\ fifty cents.[a] But in no case of process of any kind, is that seal ever affixed. It cannot be presumed for a mo-ment, that this omission has occurred, either from ignorance of the fact, that the common law is here adopted, except so far as it is altered by act of our own legislature ; nor from ignorance of the fact, that a seal is required to be affixed to all *process* by that law. I apprehend that the usual omission, has grown out of a construction of our statutes upon the sub-ject, wherein the clerk is directed to issue the writ, to test it in his *own name*, and to *sign it*. In regard to the *justness* of this construction of our statutory provisions on this head, I am frank to confess, that I am by no means forcibly impressed with it. The result of all the enactments is, that all the writs shall be issued by the clerk—shall bear test in his name, and be signed by him. Now, as *sealing* was a common law requi-site, I confess I can find no reason for supposing *that* to be dispensed with, because of the necessary change in the *style*, from the *name* of the reigning King, to the state of Alabama ; or in *the test*, from " *ourself* at Westminster,'' to the name of the clerk.

The force of the objection, made by the counsel, to the ap-plication of the rule of construction, " *expressio unius, est ex-clusio alterius*'' is fully felt. It was very properly urged, that however the *name* and *signature* might do alone, to a writ, *created* by the statute, and directed to be authenticated in that manner, yet it would not exclude the further requisite, of *sealing*, from the common law writs already in existence ;. the additional requirement being not inconsistent with such.

Maher
vs.
The State.

aAik. D. } 46.

Maher
vs.
The State.

al, Salk. 32.

sealing.  Notwithstanding this, the opposite construction has, hitherto prevailed, and been followed up by an undeviating course of practice, so far as I have known, without being judicially called in question ; and we feel constrained to adopt it.  I yield, as applicable to this case, to the influence of the maxim, that " *communis error facit jus*," and in doing so, I feel sustained by the authority of Lord *Holt*, in *Clay* v. *Sudgrane*.ᵃ  He there says, in reference to the recovery of seamen's wages, in the court of admiralty—" it is against the statute expressly, though now *communis error facit jus*."  I would not carry the application of this maxim to the extent there intimated by his lordship ; for surely, it does not graduate with sound legal principle to hold, that any usage, or common error, no matter how long persevered in, can *abrogate* an act of the legislature.  However, I think that such long continued usage, may furnish abundant reasons for acquiescing in the *construction* of an act of the legislature, though erroneou. ; especially when such construction appears to be coeval with the act itself, has progressed without deviation as here, for a quarter of a century, and is not expressly in contradiction of the act.

The judgment is affirmed.